[Cite as *State v. Smith*, 2026-Ohio-2490.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.  31689 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JASON SMITH | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR-2024-05-1669-A |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2026

SUTTON, Judge.

{¶1}   Defendant-Appellant Jason Smith appeals the judgment of the Summit County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}   This appeal arises from the ongoing abuse of J.J., a minor child, from the approximate ages of 5 years old to 9 years old by Mr. Smith and his co-defendant, Angela Smith. At the time of the abuse, Mr. Smith was J.J.'s legal guardian.

{¶3}   Mr. Smith was charged with one count of felonious assault, in violation of R.C. 2903.11(A), a felony of the second degree; one count of child endangering, in violation of R.C. 2919.22(B)(2), a felony of the second degree; one count of child endangering in violation of R.C. 2919.22(B)(1), a felony of the second degree; and one count of child endangering, in violation R.C. 2919.22(A), a felony of the third degree.  Mr. Smith entered a no contest plea to all counts in

the indictment. The trial court found Mr. Smith guilty and ordered a presentence investigation report.

{¶4} At the plea hearing, the State provided a statement of facts which included the condition of J.J. at the time of the welfare check. J.J. was 9 years old at the time of the welfare check and weighed only 43 pounds, which is the same weight he was when he was 3 years old. J.J.'s doctors placed him on a death trajectory had he not received medical care. The State also explained J.J.'s electrolyte levels "were like those found in concentration camps." J.J. lost several developmental milestones and was not able to walk or sit up in his bed on his own. J.J. had marks and bruises on his body that were in various stages of healing, including scarring that covered his body. The caseworker indicated the sight of J.J. "is a memory [she will] never be able to erase from [her] mind."

{¶5} After hearing from J.J. through a letter he wrote to the court[1], and hearing from the Summit County Children Services case worker who made the initial contact with J.J., the trial court sentenced Mr. Smith to an indefinite term of imprisonment of 8 to 12 years for Count One, felonious assault, an indefinite term of imprisonment of 8 to 12 years for Count Two, child endangering, an indefinite term of imprisonment of 8 to 12 years for Count Three, child endangering, and 36 months imprisonment for Count Four, child endangering. The trial court ordered the prison terms for Counts One, Two, and Three to run consecutively, with the prison term for Count Four to run concurrently, for a total aggregate prison term of 24 to 28 years. In so doing, the trial court rejected Mr. Smith's merger argument.

{¶6} Mr. Smith now appeals raising two assignments of error for our review.

---

[1] J.J. was present for sentencing but was too frightened to personally address the trial court.

II.

## <u>ASSIGNMENT OF ERROR I</u>

**THE TRIAL COURT ERRED BY REFUSING TO MERGE COUNTS TWO, THREE[,] AND FOUR OF THE INDICTMENT FOR PURPOSES OF CONVICTION AND SENTENCING.**

{¶7}     In his first assignment of error, Mr. Smith argues the trial court erred in refusing to merge Counts Two, Three, and Four of the indictment for purposes of conviction and sentencing. Specifically, Mr. Smith argues Counts Two, Three, and Four of the indictment, for child endangering, are allied offenses of similar import because they arose from the same conduct of depriving J.J. food and medical care.

{¶8}     R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In *State v. Ruff*, 2015-Ohio-995, the Supreme Court of Ohio explained:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims *or if the harm that results from each offense is separate and identifiable.*

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

(Emphasis added.) *Id*. at syllabus.

{¶9} Here, Mr. Smith was convicted of three counts of child endangering in violation of R.C. 2919.22(B)(2), R.C. 2919.22(B)(1), and R.C. 2919.22(A). R.C. 2919.22 states:

(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a child with a mental or physical disability under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or disability of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.

(B) No person shall do any of the following to a child under eighteen years of age or a child with a mental or physical disability under twenty-one years of age:

(1) Abuse the child; [or]
(2) Torture or cruelly abuse the child[.]

In deciding the three counts of child endangering should not merge, the trial court explained:

As to the legal issue as to whether Counts 2, 3, and 4 should merge, I agree with the State that given the extended period of time, whether it's eight months or four years, I don't think that matters in and of itself.

The counts related to child endangering do not merge. They are specific. There are numerous injuries that have been documented, and they constitute different conduct and therefore, I do not believe that 2, 3, and 4 would merge for purposes of sentencing.

So here we have two individuals with little to no criminal history who tortured and starved a child for months or years for what purpose or what justification?

There could be no justification, no explanation, but in this case, [] for being a kid is what I hear. That's about the only [] explanation [] that has been given. They provided no medical care, no education, little food, nearly constant beatings, no real childhood even to speak of.

The deplorable conduct that has been exhibited by these two individuals is unnerving, really. To wake up every morning and to decide, "I'm not going to feed this child, I'm going to hit and whip this child, this is not, you know, [] a single instance or even a couple of instances where someone loses their temper or has an

unusual reaction to some circumstances. To wake up every morning and make that decision. . .[.]

{¶10} Upon review of this record, we cannot say the trial court erred in not merging Mr. Smith's convictions for child endangering. The record reveals J.J.: (1) was beaten; (2) starved; (3) weighed 43 pounds as a 9-year-old; (4) was kept from receiving an education; (5) was kept hidden in the Smiths' residence; (5) was coached to lie about his food intake; (6) had scarring and bruising of different ages over most of his body; (7) was in a death trajectory at the time of the child-welfare check; (8) has short-term and long-term health complications; (8) could not walk or sit up on his own at the time of the child-welfare check; and (9) was unable to achieve several developmental milestones. Each day was a separate and distinct nightmare for this child. Further, each choice by Mr. Smith to: (1) starve; (2) beat; (3) endanger; (4) fail to seek medical care and protect J.J. as his legal custodian; (5) create a substantial risk to the health or safety of J.J.; and (6) hide J.J.'s weakened condition from the public constituted offenses of dissimilar import in violation of R.C. 2919.22(B)(2), R.C. 2919.22(B)(1), and R.C. 2919.22(A). As the trial court stated, each day Mr. Smith made a distinct choice to abuse and torture J.J., and Mr. Smith failed to protect J.J. as a legal guardian should do for a child. Thus, the trial court did not err in not merging these convictions.

{¶11} Accordingly, Mr. Smith's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**MR. SMITH WAS DENIED EFFECTIVE COUNSEL BEFORE THE TRIAL COURT.**

{¶12} In his second assignment of error, Mr. Smith argues he was deprived of effective assistance of counsel because his trial counsel did not request a bill of particulars before Mr. Smith entered his no contest plea. Specifically, Mr. Smith argues a "reasonable attorney would have sought a bill of particulars to know precisely what actions were the basis for each count" in the

indictment. Mr. Smith contends the time period in the indictment was overly broad and the indictment itself was duplicative.

{¶13} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Mr. Smith must establish both that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the [proceedings] would have been different." *Id*. at paragraph three of the syllabus. If a defendant fails to prove one prong under *Strickland*, this Court need not address the other prong. *State v. Lortz*, 2008-Ohio-3108, ¶ 34 (9th Dist.).

{¶14} "A bill of particulars has a limited purpose-to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *State v. Haynes*, 2022-Ohio-4473, ¶ 23. "A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery." *Id*.

{¶15} Here, the record indicates the State provided Mr. Smith with J.J.'s medical records and Mr. Smith also had J.J.'s Children's Services records. With these records, Mr. Smith had knowledge the child endangering charges were not just about the deprivation of food. Further, based upon our resolution of Mr. Smith's first assignment of error, the charges in the indictment were not duplicative and constituted separate conduct. Thus, because counsel's performance did not fall below an objective standard of reasonable representation, Mr. Smith has failed to meet his burden under the first prong of *Strickland*.

**{¶16}** Accordingly, Mr. Smith's second assignment of error is overruled.

III.

**{¶17}** Mr. Smith's two  assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.